UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY WILLIAMS                                                CIVIL ACTION

VERSUS                                                         NO: 11-1141

STATE FARM MUTUAL                                              SECTION: "A" (1)
AUTOMOBILE INSURANCE
COMPANY

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 17)** filed by Plaintiff, Sidney Williams ("Plaintiff"). Defendant, State Farm Mutual Automobile Insurance Company ("Defendant"), opposes the motion. The motion, set for hearing on July 20, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

## I. BACKGROUND

This case concerns amounts allegedly owed under an automobile insurance policy resulting from the theft of Plaintiff's car. On or about April 11, 2010, Plaintiff's automobile, engine, and other parts were stolen. (Pet. ¶ V.) At the time of the theft, Plaintiff's vehicle was insured under a policy issued by Defendant. (*Id.* at ¶ III.) Following the theft, Plaintiff allegedly filed a notice of loss with Defendant. (*Id.* at ¶ VII.) Defendant failed to pay Plaintiff any compensation resulting from the theft of his vehicle. (*Id.* at ¶¶ VIII, X.) As a result, Plaintiff initiated this suit in state court against Defendant on April 5, 2011 for payments allegedly owed under his automobile insurance policy. (*Id.* at ¶ II.) Plaintiff also has asserted bad faith claims against Defendant for arbitrarily and capriciously refusing to pay his claim in addition to reasonable attorney's fees. (*Id.* at ¶¶ XV, XVI.)    On May

1

13, 2011, Defendant removed the case to federal court on the basis of diversity jurisdiction. (*See* Notice of Removal II.) Defendant asserts that diversity jurisdiction exists because the parties are diverse given that Defendant is a citizen of Illinois and Plaintiff is a citizen of Louisiana, and the amount in controversy exceeds $75,000. (*Id.*) In response, Plaintiff filed the instant motion to remand, arguing that this Court lacks diversity jurisdiction because the amount in controversy is less than $75,000. (Pl.'s Mem. Supp. Mot. to Remand 1.) Plaintiff also contends that the case should be remanded back to state court because he signed a post removal stipulation, which states that the amount in controversy does not exceed $75,000. (*Id.* at 3.) Plaintiff further states that the Court may consider his post removal stipulation in determining the amount in controversy because the amount in controversy was ambiguous at the time of removal. (*Id.* at 4.) In opposition, Defendant argues that Plaintiff has failed to produce a post removal stipulation and that Plaintiff's post removal stipulation cannot be considered by the Court given that Plaintiff failed to include the stipulation at the time the petition was filed in state court. (Def.'s Mem. Opp'n to Mot. to Remand 5-6.) Defendant further asserts that the Court has diversity jurisdiction over the instant suit because the amount of Plaintiff's claim in conjunction with the penalties and attorney's fees exceeds $75,000. (*Id.* at 8-10.)

## II. DISCUSSION

### A. Federal Subject Matter Jurisdiction

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, No. 91-3106, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be

resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." 28 U.S.C.A. § 1332(a)(1) (2006). The amount in controversy under § 1332(a)(1) is examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In establishing the amount in controversy, a defendant may include claims for attorney's fees and penalties provided by state law. *See St. Paul Reinsurance Co., v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Under Louisiana law, a plaintiff may recover attorney's fees and penalties pursuant to sections 22:1892 and 22:1973 of the Louisiana Revised Statutes when an insurer has

acted arbitrary or capricious in denying a claim.[1] *See* La. Rev. Stat. § 22:1892; La. Rev. Stat. § 22:1973. However, a plaintiff may not recover penalties under both sections 22:1892 and 22:1973 for the same conduct. *See Calogero v. Safeway Ins. Co.*, 1999-1625, p. 7 (La. 1/19/00); 753 So.2d 170, 174. Specifically, section 22:1892 allows an insurance beneficiary to recover penalties if the insurer acts arbitrarily, capriciously, or without probable cause in neglecting to pay a claim within thirty days of submission of a satisfactory proof of loss. La. Rev. Stat. § 22:1892. As a penalty, the insured may recover "in addition to the amount of the loss" fifty percent of the amount due under the policy, or $1,000, whichever is greater. *Id.* Similarly, section 22:1973 permits an insurance beneficiary to recover penalties if the insurer acts arbitrarily, capriciously, or without probable cause in denying a claim. La. Rev. Stat. § 22:1973. If the insurer violates section 22:1973, the insured is entitled to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." *Id.* Although section 22:1973 does not provide for attorney's fees, an insured may recover the greater penalties under section 22:1973 and attorney's fees under section 22:1892. *Potts v. Southern Fid. Ins. Co.*, No. 10-3039, 2011 WL 289239, at *3 (E.D. La. Jan. 25, 2011) (Vance, J.).

If the defendant demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000, then the plaintiff may defeat removal by demonstrating to a legal certainty that his recovery will be less than $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A plaintiff may satisfy this burden if a statute limits recovery or if the plaintiff files a binding stipulation or affidavit with his state court petition. *Id.* Nevertheless, post removal

---

[1] Section 22:658 of the Louisiana Revised Statutes has been renumbered as section 22:1892, and section 22:1220 of the Louisiana Revised Statutes has been renumber as section 22:1973.

affidavits or stipulations may be considered to determine the amount in controversy as of the date of removal if the amount in controversy was ambiguous at the time of removal. *See Gebbia*, 233 F.3d at 883. However, if the amount in controversy is clear from the face of the petition, then post removal submissions cannot be considered by the court. *Id.*

In the instant case, Defendant argues that the Court has federal subject matter jurisdiction under § 1332. Although the parties do not dispute that diversity of citizenship exists, they dispute whether the amount in controversy requirement has been satisfied. Under *Luckett*, there is no dispute that the amount in controversy is not facially apparent from Plaintiff's petition given that Louisiana law forbids Plaintiff from specifying his damages. As a result, under *Luckett*, Defendant must set forth facts in controversy to support a finding that Plaintiff's damages exceed $75,000 by a preponderance of the evidence. Although this case presents a close call on the jurisdictional amount, based on the record and the law, the Court finds that Defendant has failed to meet its burden. Defendant has not submitted any summary judgment type evidence demonstrating that the total amount of Plaintiff's claims will exceed $75,000. Instead, Defendant simply states in its Notice of Removal that the NADA value of Plaintiff's vehicle is $21,175 based on Plaintiff's representation of the vehicle. However, there is no evidence of Plaintiff's valuation of its claim. Even assuming that Defendant's damage calculation is correct, it is still unlikely that the amount in controversy will exceed $75,000 after penalties and attorney's fees are added. Under section 22:1892, Plaintiff's penalties amount to $31,762, which is fifty percent of the alleged amount owed under the policy. Conversely, under section 22:1973, Plaintiff's penalties amount to at most $42,350, which is two times the amount of damages. Because section 22:1973 provides the greater penalty, that amount is added to Plaintiff's claim for $21,175, thus reaching a total of $63,525 before attorney's fees are

added.

Notwithstanding this damage amount, Defendant moves the Court to acknowledge that the attorney's fees would be sufficient to reach the jurisdictional amount. Nevertheless, Defendant fails to offer any support for this contention. On the contrary, there is no indication of what Plaintiff's attorney's fees would amount to. Because Defendant has failed to meet its burden in demonstrating that the amount in controversy exceeds $75,000, this Court must remand the case back to state court. *See Mercadel v. Fid. & Deposit Co. of Md.*, No. 07-6514, 2008 WL 2436757, at *4 (E.D. La. June 13, 2008) (Lemelle, J.) (granting a motion to remand after determining that the amount of attorney's fees was unclear); *Guichard v. Allstate Ins. Co.*, No. 07-6559, 2008 WL 81280, at *2 (E.D. La. Jan. 4, 2008) (Lemmon, J.) (remanding the case to state court when the plaintiff's damages only amounted to about $66,000 before attorney's fees were added).

In addition, Defendant emphasizes both in the Notice of Removal and in its Opposition that Plaintiff did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiff's failure to do so does not relieve Defendant of its burden to establish that the jurisdictional amount has been satisfied. *See Callia v. State Farm Fire & Cas. Co.*, No. 06-5856, 2006 WL 3469549, at *2 (E.D. La. Nov. 29, 2006) (Fallon, J.). Because Defendant has failed to show by a preponderance of the evidence that the jurisdictional amount has been satisfied, this Court need not consider Plaintiff's post removal stipulation. Thus, the Court concludes that jurisdiction is lacking and that remand is appropriate.

### B. Attorney's Fees and Costs

Furthermore, Plaintiff has requested reimbursement of attorney's fees and costs incurred in conjunction with filing the motion to remand. 28 U.S.C. § 1447© vests the district court with the

discretion to render such an award. *See* 28 U.S.C. § 1447© (2006) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000) (finding that "the clear language of the statute makes such an award discretionary"). "Absent unusual circumstances, courts may award attorney's fees under § 1447© only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital, Corp.*, 546 U.S. 132, 141 (2005). Although Defendant failed to carry its burden in demonstrating that federal subject matter jurisdiction exists, it did not lack an objectively reasonable basis for removal. Accordingly, the Court declines to award Plaintiff attorney's fees and costs.

### III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Remand (Rec. Doc. 17)** filed by Plaintiff, Sidney Williams is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

This 27th day of July 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE